UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CEMENT AND CONCRETE WORKERS DISTRICT
COUNCIL WELFARE FUND, PENSION FUND,
ANNUITY FUND, EDUCATION AND
TRAINING FUND AND OTHER FUNDS
and SILVANA BALDO,
in her fiduciary capacity
as Administrator of the Cement and
Concrete Workers District Council
Welfare Fund, Pension Fund and Annuity
Fund

And

BARRY KAPLAN, as President of the
CEMENT AND CONCRETE WORKERS DISTRICT
COUNCIL and in his fiduciary capacity
as a Trustee of the EDUCATION AND
TRAINING FUND

Plaintiffs,

-against-

TECHCON CONTRACTING INC.
and BEN RIVEN

Defendants.

-----------------------------------------------------------------x

CV 05 0900 (DGT)

ORDER VACATING
DEFAULT JUDGMENT
AND SUBSTITUTING
DISCONTINUANCE
AND STIPULATION
OF SETTLEMENT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 26, 2005 ★

P.M. _____
TIME A.M. _____

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties to the above-captioned action, that said action be, and the same is hereby, settled as against Defendants, TECHCON CONTRACTING INC. and BEN RIVEN, upon the following terms and conditions and the default judgment signed July 7, 2005 and filed July 21, 2005 is vacated and replaced by the terms and provisions of this settlement.

acknowledges indebtedness to Plaintiffs (hereinafter referred to as "the Funds") for the amount of $20,000.00 pursuant to this stipulation of settlement.

2. Defendants, TECHCON CONTRACTING INC. and BEN RIVEN, shall pay the stipulated indebtedness of $20,000.00 to Plaintiffs, by payment of the following installments with interest at a 12% annual rate from July 31, 2005 as indicated below:

(a) $2,000.00 by July 31, 2005

(b) $2,000.00 by August 15, 2005

(c) $4,000.00 on or before September 1, 2005 with interest at a 12% annual rate from July 31, 2005 (if this payment is made on September 1, 2005, the interest would be $40.00, making the payment then due $4,040.00.);

(d) $4,000.00 on or before October 1, 2005 with interest at a 12% annual rate from July 31, 2005 (if this payment is made on October 1, 2005, the interest would be $80.00, making the payment then due $4,080.00.);

(e) $4,000.00 on or before November 1, 2005 with interest at a 12% annual rate from July 31, 2005 (if this payment is made on November 1, 2005, the interest would be $120.00, making the payment then due $4,120.00.);

(f) $4,000.00 on or before December 1, 2005 with interest at a 12% annual rate from July 31, 2005 (if this payment is made on December 1, 2005, the interest would be $160.00, making the payment then due $4,160.00.);

3. All payments shall be by check made payable to "Cement and Concrete Workers Fund" and shall be sent by first-class mail to Funds offices located at 35-30 Francis Lewis Boulevard, Flushing, New York 11358, unless the Plaintiffs' attorney shall have notified the undersigned defendant in writing of another address or addressee to which payments are to be sent.

CONTRACTING INC. and BEN RIVEN that the settlement amount herein represents payment of all amounts owed by the Defendant to the Funds for the period July 1, 2004 to December 31, 2004 under the terms of the District Council of Cement and Concrete Workers comprised of Local No. 6-A, Local No. 18-A and Local No. 20, LIUNA AFL-CIO agreement, and the terms of the trust agreements for the Funds. This settlement does not include any monies owed or which may be owed for periods after December 31, 2004. The parties agree that this settlement does not restrict the rights of any party with regard to subsequent legal action regarding monies owed or which may be owed for periods after December 31, 2004 and without prejudice regarding any such monies.

5. In the event any payment under paragraph 2 hereof is not made when due, Funds or their authorized agent shall mail certified mail return receipt requested or delivered by personal service a notice of such default addressed to Joseph M. Labuda, Esq. of Milman & Heidecker, Attorneys at Law, 3000 Marcus Avenue, Suite 3W3, Lake Success, NY 11042 unless the undersigned Defendants shall have notified Funds in writing of other addresses for the giving of such notices. Such default may be cured by making payment of the delinquent installment within ten business days of receipt of Funds' notice of default.

6. In the event any default of the Defendant is not cured in accordance with the terms of paragraph 5 hereof, Funds' counsel shall have the right, at their sole option and discretion, to enter judgment against Defendants TECHCON CONTRACTING INC. and BEN RIVEN for the amount of $20,000.00 with interest at a 12% annual rate from July 31, 2005 less payments received pursuant to the terms of this Agreement plus the sum of $5,000.00 for attorneys' fees and liquidated damages related to this action.

This Agreement shall be binding upon Funds, Defendants TECHCON CONTRACTING INC. and BEN RIVEN, its assignees, executors, administrators, heirs and any successor corporation(s). Pursuant to the terms of the Collective Bargaining Agreement, TECHCON CONTRACTING INC. and BEN RIVEN shall remain current in payments to the Plaintiffs during the period of the agreement.

8. Subject to the approval of this Court, the default judgment signed July 7, 2005 and filed July 21, 2005 is vacated and replaced by the terms and provisions of this settlement and the above captioned action shall be dismissed without prejudice according to the terms hereof as to the Defendants, TECHCON CONTRACTING INC. and BEN RIVEN, subject to reopening in the event of a default of any term or condition contained herein.

Dated: New York, New York
July 27, 2005

KAMING & KAMING

By: _____
Joseph S. Kaming, Esq.
Attorneys for Plaintiffs
156 East 65th Street
New York, New York 10021
(212) 535-0245

MILMAN & HEIDECKER

By: _____
Joseph M. Labuda, Esq.
Attorneys for Defendants
3000 Marcus Avenue – Suite 3W3
Lake Success, NY 11042
(516) 328-8899

SO ORDERED:

s/David G. Trager    8/1/05
_____
U.S.D.J.